CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

APR 28 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JEREMIAH ANTHONY DOVE, ) | Civil Action No. 7:14-cv-00473 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| BETTY AKERS, et al., ) | By: | Hon. Jackson L. Kiser |
| Defendants. ) | | Senior United States District Judge |

Jeremiah Anthony Dove, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, naming as defendants Nurse Betty Akers and Dr. Frederick Moses of the New River Valley Regional Jail ("Jail"). Plaintiff alleges that defendants were deliberately indifferent to serious medical needs in violation of the Eighth Amendment. Defendants filed a motion for summary judgment, and the time for Plaintiff to respond expired, making the matter ripe for disposition. After reviewing the record, I grant Defendants' motion for summary judgment.

I.

Plaintiff arrived at the Jail on March 13, 2014, with a chronic back problem and several injuries due to his arrest, including a broken wrist and an injured knee. Between the time he arrived at the Jail and soon after commencing this action, Plaintiff received medical assistance from Dr. Moses on March 14, June 10, August 11, September 19, and October 22, 2014, and he was seen by nursing staff on March 13, 14, and 17, August 7 and 11, September 19, and October 22, 2014.[1] During these numerous interactions, Dr. Moses diagnosed Plaintiff with a broken wrist and chronic pain, ordered X rays to confirm the broken wrist, referred Plaintiff to an

---

[1] Plaintiff also met with a private orthopedist on May 29, 2014, at which time a cast on his left wrist was removed and no further treatment was ordered. Plaintiff also saw mental health professionals on August 21, September 18, and October 8, 2014.

orthopedic surgeon for the wrist.[2] Additionally, Dr. Moses repeatedly examined Plaintiff's joints and back for proper range of motion, authorized Plaintiff to purchase Motrin from the commissary for pain relief, and prescribed Motrin and Elavil for pain relief.[3]

However, Dr Moses declined to order an MRI or to refer Plaintiff to an orthopedist to re-evaluate Plaintiff's back and knee because, in his medical judgment, an MRI and appointment with an orthopedist were elective, meaning not medically necessary, to re-evaluate Plaintiff's knee and back. Because it was considered elective, nursing staff would arrange an appointment with an orthopedist if Plaintiff opted to pay for the elective appointment.

Plaintiff also discusses his written requests for a new mattress that were allegedly misrouted to Nurse Akers. Nurse Akers considered the requests as asking for a second or a new mattress to treat his chronic back injury and denied the requests as unnecessary.[4] Plaintiff denies needing the mattress for medical reasons but instead merely to replace, and not supplement, his worn out mattress. Plaintiff asks that the court order defendants to refer him to an orthopedist and to order an MRI.

## II.

A party is entitled to summary judgment if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a); see Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (recognizing a party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant). "Material facts" are those facts necessary to establish

---

[2] An X ray taken a few days before Plaintiff arrived at the Jail revealed no fracture or abnormality in Plaintiff's knee.
[3] A mental health professional also prescribed Neurotonin, which is another medicine used to treat nerve pain, and increased the dosage rate over time.
[4] Dr. Moses never ordered Plaintiff to have a new or extra mattress.

2

the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id. The moving party has the burden of showing – "that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific, admissible facts that demonstrate the existence of a genuine dispute of fact for trial. Id. at 322-23. A court may not resolve disputed facts, weigh the evidence, or make determinations of credibility. Russell v. Microdyne Corp., 65 F.3d 1229, 1239 (4th Cir. 1995); Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir. 1986). Instead, a court accepts as true the evidence of the non-moving party and resolves all internal conflicts and inferences in the non-moving party's favor. Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979).

### III.

To succeed on his Eighth Amendment claim about medical care, Plaintiff must sufficiently demonstrate that a defendant was deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir. 1999) (internal quotation marks omitted)).

Deliberate indifference means a state actor was personally aware of facts indicating a substantial risk of serious harm and actually recognized the existence of such a risk. Farmer v.

3

Case 7:14-cv-00473-JLK-RSB   Document 26   Filed 04/28/15   Page 3 of 5   Pageid#: 131

Brennan, 511 U.S. 825, 838 (1994); Estelle, 429 U.S. at 104. "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). "A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." Id. at 851-52. A health care provider may be deliberately indifferent when the treatment provided is so grossly incompetent, inadequate, or excessive as to shock the conscience or is intolerable to fundamental fairness. Id. at 851.

Plaintiff fails to establish deliberate indifference by either Dr. Moses or Nurse Akers. Dr. Moses reviewed the medical record, repeatedly examined Plaintiff, referred Plaintiff to a consultation with an orthopedic surgeon, and made medical decisions about the efficacies of various treatments for Plaintiff's injuries. Plaintiff's disagreement with Dr. Moses' professional determinations does not state claim for relief under § 1983. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Dr. Moses' treatment of Plaintiff does not shock the conscience and was not intolerable to fundamental fairness. In fact, the record shows that Dr. Moses actively treated Plaintiff's injuries in response to Plaintiff's request for medical services. Plaintiff has not sufficiently shown that his injuries deteriorated because of Dr. Moses' treatment, and Plaintiff's disagreement with Dr. Moses' diagnosis and treatment of Plaintiff's injuries, even if they were, arguendo, negligent, does not entitle Plaintiff to relief under § 1983.[5] Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998). Plaintiff has not established that any short delay between

---

[5] To the extent Plaintiff's reliance on the labels and conclusions of "negligence" and "medical malpractice" can be extrapolated to state a claim, he has failed to obtain the necessary certification of merit required by Virginia Code § 8.01-20.1 and to establish the elements for simple or gross negligence. Cf. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (requiring a plaintiff's basis for relief to consist of more than labels and conclusions); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

4

appointments or treatments exacerbated or unnecessarily prolonged the infliction of pain. Moreover, the denials of Plaintiff's requests to replace his allegedly "worn-out" mattress do not constitute deliberate indifference or an unconstitutional condition of confinement. See, e.g., Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Accordingly, Defendants are entitled to summary judgment.

## IV.

For the foregoing reasons, I grant Defendants' motion for summary judgment.

**ENTER:** This 28th day of April, 2015.

*Jackson L. Kiser*
Senior United States District Judge